UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN R. MOSQUERA BILAN,

                            Plaintiff,

-v-                                          No. 11 Civ. 5509 (RJS) (JLC)
                                          ORDER

WARDEN J. DAVIS, *et al.*,

                            Defendants.

RICHARD J. SULLIVAN, District Judge:

    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Warden J. Davis; Captains McKenzie, Washington, and Penick; and Corrections Officers J. Roberts, Fernandez, and Aikhuele, alleging that he was assaulted by corrections officers and denied medical treatment for his injuries.[1] By Order dated November 23, 2011, the Court referred this action to the Honorable James L. Cott, Magistrate Judge, for pretrial purposes and for a Report and Recommendation ("R&R") on dispositive motions. (Doc. No. 13.) Defendants moved for summary judgment on December 14, 2012. (Doc. No. 38.) The motion was fully briefed on March 1, 2013. (Doc. No. 51.) Though Plaintiff initially filed his Complaint while proceeding *pro se*, Plaintiff was represented by counsel during briefing on the motion. (*See* Doc. Nos. 45, 49.)

    On July 31, 2013, Judge Cott issued the attached R&R, recommending that the Court grant Defendants' motion for summary judgment in its entirety. In the R&R, Judge Cott advised

---

[1] Bilan also named the New York City Department of Correction and Correction Officers Vadoo and Maldonado as defendants. (*See* Compl. 1). However, the Department of Correction was dismissed as a defendant on September 21, 2011 because an agency of the City of New York is not an entity that can be sued. (*See* Doc. No. 7.) Bilan also failed to serve Vadoo and Maldanado with the Summons and Complaint in accordance with Federal Rule of Civil Procedure 4, and the time to do so has passed. (*See* Doc. No. 9.) Accordingly, the claims against them are dismissed pursuant to Federal Rule of Civil Procedure 4(m). (*See* Rep. 6 n.5.)

the parties that failure to file timely objections to the R&R would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections to the R&R, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to an R&R are made, the Court may adopt the R&R if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). After reviewing the record, the Court finds that Judge Cott's thorough and well-reasoned R&R is not facially erroneous. Accordingly, the Court adopts the R&R in its entirety and, for the reasons set forth therein, GRANTS Defendants' motion for summary judgment on all of Plaintiff's claims. The Clerk of Court is respectfully requested to terminate the motion pending at Doc. No. 38 and to close this case.

SO ORDERED.

DATED:   August 20, 2013
         New York, New York

                                           RICHARD J. SULLIVAN
                                           UNITED STATES DISTRICT JUDGE